NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA HERNANDEZ, | **Hon. Stanley R. Chesler** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:12-cv-5573 (SRC) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

STANLEY R. CHESLER, U.S.D.J.:

This matter comes before the Court upon the Motion of Melissa Hernandez ("Plaintiff") for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's Motion for Attorney's Fees is **granted**.

## I.   BACKGROUND[1]

On October 31, 2006, Plaintiff filed an application for Supplemental Security Income under Title XVI of the Social Security Act on behalf of her minor daughter. Plaintiff's application was denied initially and on reconsideration. On December 2, 2008, a hearing was held before Administrative Law Judge Richard West. On January 27, 2009, Judge West issued a decision denying Plaintiff's application. On March 24, 2012, the Appeals Council concluded that there were no grounds for review.

---

[1] The facts from this section are taken from the parties' pleadings.

Plaintiff filed a Complaint in this Court on September 6, 2012 (ECF No. 1). On August 2, 2013, Plaintiff and the Commissioner of Social Security ("Defendant") filed a Consent Order to remand this case for further administrative action, including a *de novo* hearing (ECF No. 12). The Court signed this Order on December 9, 2013 (ECF No. 13). Plaintiff filed the instant Motion for Attorney's Fees on December 11, 2013 (ECF No. 14). Defendant filed an Opposition on December 12, 2013 (ECF No. 15). Plaintiff filed a Reply on December 13, 2013 (ECF No. 17). Defendant filed a second Opposition on April 22, 2014 (ECF No. 19).[2]

## II. DISCUSSION

In order for Plaintiff to be awarded attorney's fees under the EAJA, "the Court must find that: (1) [Plaintiff] is a prevailing party; (2) the Government's position was not substantially justified; and (3) no special circumstances exist to make an award unjust." Neal v. Astrue, 741 F. Supp. 2d 729, 731 (W.D.Pa. 2010) (citing United States v. Eleven Vehicles, 937 F. Supp 1143, 1150 (E.D.Pa. 1996)). If the number of hours claimed are "unnecessary, redundant, or inefficient," the Court should reduce them to "reflect a reasonable award." Gillem v Astrue, No. 06-6184, 2008 WL 1925302, at *1 (D.N.J Apr. 30, 2008) (citing Ashton v. Pierce, 580 F. Supp. 440, 442 (D.D.C. 1984)). "The prevailing party's attorneys may assist the court in this regard and indeed should make a good faith effort to exclude fee requests that are excessive." Menter v. Astrue, 572 F. Supp. 2d 563, 564 (D.N.J. 2008).

In the present case, Plaintiff seeks attorney's fees for 31.2 hours of work at an hourly rate of $183.90, for a total of $5,737.50. Defendant objects only to the reasonableness of the number of hours of Plaintiff's requested award.[3] Specifically, Defendant asserts that it was excessive for

---

[2] The Court will not consider any additional arguments set forth in this second Opposition, as Defendant did not seek permission to file it. However, as discussed below, Defendant withdraws an argument in this Opposition, and the Court will accept this withdrawal.

[3] Although Defendant originally argued that Plaintiff should not be awarded any attorney's fees for work done after

Plaintiff's counsel to i) spend 1.0 hour preparing and filing a three-page Complaint; ii) spend 0.5 hours reviewing Defendant's three-page answer; and iii) spend 18.25 hours reviewing the record and writing and filing a twenty-one-page brief when, according to Plaintiff, the brief contained many of the same arguments and case law that Plaintiff's counsel has used in other cases.

This Court fails to see how one hour spent preparing and filing a Complaint or a mere thirty minutes spent reviewing an answer is excessive. This Court also rejects Defendant's contention that 18.25 hours spent writing a twenty-one page brief is excessive. First, Defendant does not set forth the amount of time that it believes would have been reasonable, leaving this Court to guess the amount. Second, this number includes not only the writing of the brief, but the review of the administrative record. Thus, even if Plaintiff's attorney used some of the same arguments in Plaintiff's brief that he used in prior briefs, this would not affect the amount of time he had to spend reviewing the administrative record, as the record is different in every case. Finally, the overall total of 31.2 hours requested by Plaintiff is well within the range that courts have found to be reasonable. See Gillem, 2008 WL 1925302, at *2 (stating that "somewhere in the neighborhood of forty hours" is a reasonable time for an attorney to spend on an average Social Security case); Menter v. Astrue, 572 F. Supp. 2d 563, 565 (D.N.J. 2008) (stating that "a number of districts have held that twenty to forty hours is a reasonable expenditure of time for the average Social Security disability case"). As such, this Court will not reduce Plaintiff's requested award.

---

the date when her counsel was deemed "administratively ineligible" to practice law in New Jersey, this argument has since been withdrawn.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees is **granted**. An appropriate order follows this Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J.

Date:      May /4, 2014
Original:  Clerk's Office
cc:        All Counsel of Record
           File